SLIP OPINION



Cite as 2014 Ark. App. 109

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-13-746

| | |
|---|---|
| RISIE RENE HOWARD ET AL.<br>APPELLANTS<br><br>V.<br><br>C & L USED CAR LOT and CITY OF<br>PINE BLUFF<br>APPELLEES | **Opinion Delivered** February 12, 2014<br><br>APPEAL FROM THE JEFFERSON<br>COUNTY CIRCUIT COURT<br>[No. CV-2013-90-2]<br><br>HONORABLE ROBERT H. WYATT,<br>JR., JUDGE<br><br>REBRIEFING ORDERED |

## LARRY D. VAUGHT, Judge

In this one-brief appeal, appellant Risie Howard et al. (joined by other Pine Bluff, Arkansas residents), objected to the construction of offices for a used-car business to be located near her residential neighborhood and now appeals the order of the Jefferson County Circuit Court dismissing (with prejudice) her request for a permanent injunction against the car lot and the City of Pine Bluff. Specifically, Howard claims that the injunction should be granted because the office construction violates city zoning and ordinance requirements. Alternatively, she claims that the impacted residential homeowners are entitled to consideration based on the change in the character of the neighborhood. However, we cannot reach the merits of Howard's argument because her brief does not comply with Ark. Sup. Ct. R. 4-2 (2013). Therefore, we order rebriefing.

Pursuant to Ark. Sup. Ct. R. 4-2(b)(3), which was modified by *In re Modification of the Abstracting System,* 345 Ark. App'x 626 (2001), the court must now allow rebriefing before summarily affirming. The applicable version of Ark. Sup. Ct. R. 4-2(b)(3) provides:

> (3) Whether or not the appellee has called attention to deficiencies in the appellant's abstract or addendum, the court may address the question at any time. If the court finds the abstract or addendum to be deficient such that the court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, addendum, and brief, at his or her own expense, to conform to Rule 4-2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or to supplement the brief, at the expense of the appellant or the appellant's counsel, as the court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the rule.

We find Howard's abstract and addendum to be deficient such that we cannot reach the merits of the case. Specifically, she has failed to reference essential proceedings and testimony in the abstract or addendum of the brief she filed with our court. For example, Howard failed to abstract three pages of the court's questioning of witness Laura Rose, whose testimony in the abstract stops after her direct examination upon recall. In the missing testimony, the court asked Rose about the streets that border the property and about the parking lot and activity at Yancey Furniture, another retail establishment in the area. Also, the court's ruling from the bench is not abstracted in sufficient detail. In the abstract it appears that the court made no finding to support its conclusion, but the oral order was much more detailed than has been abstracted. Further, and perhaps most troubling, information relating to the dismissal of the City of Pine Bluff from the lawsuit is not included in either the abstract or the addendum.

Therefore, Howard has fifteen days from the date of this opinion to file a substituted abstract, addendum, and brief to conform to Rule 4-2(a)(5) and (8). Ark. Sup. Ct. R. 4-2(b)(3); *In re Modification of the Abstracting Sys.*, 345 Ark. App'x 626. Mere modifications of the original brief will not be accepted. *Id.* If Howard fails to file a complying abstract, addendum, and brief within the prescribed time, the judgment may be affirmed for noncompliance with the rule.

Rebriefing ordered.

GRUBER and WHITEAKER, JJ., agree.

*George Howard, Jr. Legal Center*, by: *Risie Howard*, pro se appellant.

No response.